UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLAN PARMELEE,

        Petitioner,

  v.

SANDRA CARTER,

        Respondent.

CASE NO. C05-2028JLR-MAT

ORDER

This matter comes before the court on Petitioner Allan Parmelee's "Motion to Appeal" (Dkt. # 21) a March 20, 2006 order from the Honorable Mary Alice Theiler. Judge Theiler's order (Dkt. # 20) denied Mr. Parmelee's request for a 216-month extension of time to respond to Respondent's answer to his habeas petition. Judge Theiler denied his request, and ordered Mr. Parmelee to show cause why the court should not bar him from filing a response to Respondent's answer as a sanction for "wasting the court's time." The court treats Mr. Parmelee's motion as an objection to a non-dispositive order of a magistrate judge under Fed. R. Civ. P. 72(a). The court has considered Mr. Parmelee's motion, the pleadings that preceded his motion, and

ORDER – 1

Respondent's pleading in response to Judge Theiler's order to show cause.  For the reasons stated below, the court DENIES the motion.

Mr. Parmelee is incarcerated at the Clallam Bay Correctional Center ("CBCC"), and is frustrated with CBCC's alleged refusal to provide reasonable access to legal research materials.  He has challenged CBCC's legal access program in a separate lawsuit.  When he filed the instant habeas petition, he requested that Judge Theiler stay the petition until the resolution of his challenge to CBCC's legal access program.  Judge Theiler denied the request, noting that Mr. Parmelee had prepared a cogent habeas petition, a strong indication that he was able to effectively pursue his habeas claim despite CBCC's legal access program.  Judge Theiler noted that Mr. Parmelee could renew his request for a stay or for additional time to prepare materials if he could demonstrate a need.

In response to Respondent's answer to his habeas petition, Mr. Parmelee requested a 216-month extension of time.  Mr. Parmelee reasoned that because it had recently taken him four months to obtain a copy of a single case at CBCC, it would take him at least 50 times as long to obtain copies of the 50 cases and statutes Respondent cited in its answer to his habeas petition.  Judge Theiler denied his request in the order now before this court.

Under Fed. R. Civ. P. 72(a), on proper objection from a party, the court "may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Mr. Parmelee's objections fall well short of this standard. It was manifestly not erroneous or contrary to law to deny Mr. Parmelee an 18-year extension of time.  The court's review of Mr. Parmelee's request reveals that Mr. Parmelee has not considered that both this court and Judge Theiler face an enormous caseload, and that adding frivolous motions to that caseload compounds an already

ORDER – 2

onerous burden.  The court assumes that Mr. Parmelee sincerely believes that CBCC is denying him appropriate access to legal services.  That belief, however, provides no justification for filing a motion that requests absurd relief.

As to Judge Theiler's order to show cause, the court finds that order consistent with Judge Theiler's inherent power to regulate proceedings.  At present, Judge Theiler has ordered Mr. Parmelee to show cause why he should not be barred from entering a response to Respondent's answer as a sanction for his frivolous request.  It is not clear whether Mr. Parmelee has responded to that order, but it is clear that Judge Theiler has made no decision regarding sanctions.  Until Judge Theiler renders a decision, Mr. Parmelee therefore has no basis for appealing the order to show cause.

For the foregoing reasons, the court DENIES Mr. Parmelee's motion (Dkt. # 21).

Dated this 4th day of April, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 3