01

02

03

04

05

06                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                  AT SEATTLE

08  ALLAN PARMELEE,                    )   CASE NO. C05-2028-JLR-MAT
                                       )
09         Petitioner,                 )
                                       )
10  v.                                 )   ORDER GRANTING PETITIONER
                                       )   LEAVE TO FILE RESPONSE;
11  SANDRA CARTER,                     )   DIRECTING RESPONDENT TO FILE
                                       )   REPLY
12         Respondent.                 )
    _____  )
13

14         This matter comes before the court on the question of whether to bar petitioner from filing

15  a response to respondent's answer to petitioner's petition for a writ of habeas corpus.  Before

16  ruling on the matter, the court will briefly review the events that led to this possible sanction:

17         Respondent filed her answer to petitioner's habeas petition on February 28, 2006.  (Doc.

18  #15).  On March 13, 2006, petitioner filed a motion for an extension of time to file a response to

19  respondent's answer.  (Doc. #19).  Citing difficulty with obtaining legal materials at his prison,[1]

20  _____

21         [1] Petitioner currently has a federal lawsuit pending in which he is challenging the adequacy
    of the prison's law library under 42 U.S.C. § 1983.  *See Parmelee v. Carter, et al.*, Case No. C05-
22  5646 -RBL-KLS.

    ORDER GRANTING PETITIONER LEAVE TO FILE
    RESPONSE; DIRECTING RESPONDENT TO FILE REPLY
    PAGE -1

01 | petitioner asked for a 216-month (equivalent to 18 years) extension of time.  (*Id.*)

02 |     The court denied petitioner's motion and noted that while the court appreciated the fact

03 | that petitioner faces obstacles in performing legal research, the court did not appreciate petitioner

04 | wasting the court's time with an absurd request.  (Doc. #20 at 2).  As a sanction, the court

05 | proposed barring petitioner from filing any response at all to the answer.  (*Id.*)  The court ordered

06 | petitioner to show cause why this sanction should not be imposed.

07 |     On March 24, 2006, petitioner appealed the court's Order to Show Cause to the

08 | Honorable James L. Robart, the district judge assigned to this case.  (Doc. #21).  On March 27,

09 | 2006, petitioner filed a motion for reconsideration with this court, a pleading which included

10 | petitioner's response to the Order to Show Cause.  (Doc. #22).  Because the motion for

11 | reconsideration requested the same relief as the appeal pending before Judge Robart, the court

12 | directed the Clerk to strike the motion.  (Doc. #25).  However, that part of the pleading that

13 | responded to the Order to Show Cause was not stricken.

14 |     On March 29, 2006, petitioner filed a "partial response" to respondent's answer (Doc.

15 | #24), notwithstanding the fact that the court had yet to rule on whether petitioner would be

16 | permitted to file any response.  On March 31, 2006, respondent filed a reply to petitioner's

17 | response to the Order to Show Cause.  (Doc. #26).  In her reply, respondent does not object to

18 | the filing of petitioner's "partial response," but does object to any further extensions of time.

19 |     On April 5, 2006, Judge Robart issued an Order denying petitioner's appeal of the court's

20 | Order to Show Cause.  (Doc. #27).  Judge Robart noted in the Order that this court had yet to

21 | decide whether to bar petitioner from filing a response.  (  *Id.* at 3).  The issue is now ripe for

22 | consideration.  Having considered petitioner's response to the court's Order to Show Cause and

ORDER GRANTING PETITIONER LEAVE TO FILE
RESPONSE; DIRECTING RESPONDENT TO FILE REPLY
PAGE -2

01  respondent's reply, the court does hereby find and ORDER as follows:

02      (1)      Because petitioner states in his response that he did not intentionally waste the

03  court's time with his request for a 216-month extension, but merely sought to illustrate the gravity,

04  as he sees it, of the prison's failure to provide legal materials, and because respondent does not

05  object to the filing of petitioner's "partial response," the court will not bar petitioner from filing

06  a response.  The partial response, already filed, is deemed petitioner's response to respondent's

07  answer, and will be considered by the court in resolving petitioner's habeas petition.  Petitioner

08  shall not file any further documents seeking to supplement the response without leave of court.

09  The court notes that although petitioner calls his response "partial," it is 17 pages long (only three

10  less than respondent's answer), and addresses all the issues raised by respondent in her answer.

11      Respondent is directed to file a reply to petitioner's response, addressing the arguments

12  raised therein, no later than **April 17, 2006.**  The clerk shall RENOTE petitioner's habeas petition

13  for consideration on **April 21, 2006.**

14      (2)      The Clerk shall send a copy of this Order to petitioner, to counsel for respondent,

15  and to the Honorable James L. Robart.

16      DATED this  10th  day of  April , 2006.

17

18                              Mary Alice Theiler
                              United States Magistrate Judge

19

20

21

22

ORDER GRANTING PETITIONER LEAVE TO FILE
RESPONSE; DIRECTING RESPONDENT TO FILE REPLY
PAGE -3